UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHEET METAL WORKERS LOCAL NO. 20 )
WELFARE AND BENEFIT FUND, and )
INDIANA CARPENTERS WELFARE FUND )
)
    Plaintiffs )
)
  v. ) Case No. 1:16-cv-00046
)
)
CVS HEALTH CORPORATION, )
)
    Defendant. )
_____)

**NOTICE OF RELATED ACTION OR PROCEEDING**

Pursuant to Local Rule (Civil) 9.1, Defendant CVS Health Corporation hereby notifies the Court of another pending action that is related to this case. The related action, pending in the United States District Court for the Northern District of California, before the Honorable Yvonne Gonzalez Rogers, is styled *Corcoran, et al. v. CVS Health Corporation, et al.*, No. 15-CV-03504-YGR (N.D. Cal.). A true and correct copy of the operative *Corcoran* complaint is attached as Exhibit A to the accompanying Declaration of Grant A. Geyerman ("Geyerman Decl.").

The *Corcoran* case and this action are substantially similar. In *Corcoran*, 21 named plaintiffs seek a nationwide class of CVS pharmacy customers with prescription drug insurance who, from November 2008 to the present, purchased generic medicines at CVS pharmacies that CVS offered as part of its membership program, the Health Savings Pass ("HSP"). Geyerman Decl., Ex. A ¶ 9, 82. In the case before this Court, the two named plaintiffs, self-described "employee welfare benefit plans" and "employee benefit plans," assert claims on behalf of

themselves and a putative nationwide class of third-party payors who, from November 2008 to the present, subsidized purchases made at CVS pharmacies for those same medicines. Complaint (Feb. 1, 2016) [Dkt. No. 1] ("Compl") ¶¶ 6, 7, 42. The plaintiffs in both cases allege that CVS reported inaccurate usual and customary ("U&C") prices for HSP-eligible medicines and, as a result, obtained from purchases made with insurance excessive reimbursements—in the forms of (1) higher copayments paid by consumers (*Corcoran*) and (2) higher payments made by third-party payors (this case).[1] In both cases, the plaintiffs are asserting violations of numerous state consumer protection statutes and bringing common law claims for negligent misrepresentation and unjust enrichment.[2] In many instances, the allegations in the *Corcoran* complaint and the Complaint here are verbatim the same.

The *Corcoran* case presently is at the motion to dismiss stage. On February 12, 2016, CVS Health Corporation and its co-defendant CVS Pharmacy, Inc. completed briefing on their respective motions to dismiss. *See Corcoran* Dkt. Nos. 74 & 77 (Feb. 23, 2016). A hearing on the motions currently is scheduled for March 1, 2016. Apart from exchanging certain initial discovery, the defendants and the *Corcoran* plaintiffs have agreed to stay discovery pending resolution of the motions to dismiss. *See* Geyerman Decl. ¶ 3.

Given that this lawsuit and *Corcoran* are so similar, it would avoid conflicts, conserve resources, and promote efficiency for the two cases to be consolidated in one federal court.

---

[1] *Compare* Geyerman Decl., Ex. A ¶ 9 ("CVS's false and deceptive pricing scheme caused CVS pharmacy customers who purchased generic prescription drugs through third-party plans to pay significantly more in copayments than CVS charges cash-paying customers to purchase the same drugs."), *with* Compl. ¶ 1 ("CVS's false and deceptive pricing scheme caused [third-party payors], which paid for generic prescription drugs on behalf of their members and beneficiaries, to pay significantly more than CVS charges its cash-paying customers to purchase the same drugs.").

[2] *Compare* Geyerman Decl., Ex. A. ¶¶ 118–260, *with* Compl. ¶¶ 61–82.

Because of these efficiencies, and because CVS has its principal place of business in Rhode Island and the District of Rhode Island is the more convenient forum for CVS and closer to the majority of its witnesses and evidence, CVS will be filing forthwith, in the *Corcoran* case, a motion to transfer that case to the District of Rhode Island pursuant to 28 U.S.C. § 1404.

        Respectfully submitted,

        /s/ Robert Clark Corrente
        Robert Clark Corrente, No. 2632
        WHELAN, CORRENTE, KINDER & SIKET LLP
        100 Westminster Street, Suite 710
        Providence, RI 02903
        Telephone: (401) 270-4500
        Facsimile: (401) 270-3760
        rcorrente@wckslaw.com

        Enu Mainigi (*Pro Hac Vice forthcoming*)
        Luba Shur (*Pro Hac Vice pending*)
        Grant A. Geyerman (*Pro Hac Vice pending*)
        WILLIAMS & CONNOLLY LLP
        725 Twelfth Street, N.W.
        Washington, DC 20005
        Telephone: (202) 434-5000
        Facsimile: (202) 434-5029
        emainigi@wc.com
        lshur@wc.com
        ggeyerman@wc.om

        Attorneys for CVS Health Corporation

Dated: February 19, 2016

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of February 2016, the foregoing **NOTICE OF RELATED ACTION** was served on the counsel noted below via electronic mail:

Stephen M. Prignano, Esq.
MCINTYRE TATE LLP
321 South Main Street
Providence, RI 02903
(401) 351-7700
Email: smp@mtlesq.com

Steve W. Berman, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
(206) 623-7292
Email: steve@hbsslaw.com

William Riley, Esq.
RILEY WILLIAMS &PIATT, LLC
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-5270
Email: wriley@rwp-law.com

Elizabeth A. Fegan, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
(708) 628-4949
Email: beth@hbsslaw.com

/s/ Robert Clark Corrente