UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

———————————————————————————————)
SHEET METAL WORKERS LOCAL NO. 20    )
WELFARE AND BENEFIT FUND, and       )
INDIANA CARPENTERS WELFARE FUND,    )
on behalf of themselves and all     )          C.A. No. 16-046 WES
others similarly situated,          )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
CVS PHARMACY, INC., et al.,         )
                                    )
          Defendants.               )
———————————————————————————————)
                                    )
PLUMBERS WELFARE FUND, LOCAL 130,   )
U.A., on behalf of itself and all   )
others similarly situated,          )
                                    )          C.A. No. 16-447 WES
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
CVS PHARMACY, INC., et al.,         )
                                    )
          Defendants.               )
                                    )
———————————————————————————————)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

     Before the Court is Defendants CVS Pharmacy, Inc.'s ("CVS")

and CaremarkPCS Health, L.L.C.'s ("Caremark")[1] Motion to Conduct

———————————————————————

     [1] On May 23, 2024, the Court dismissed Defendant CaremarkPCS
Health, L.L.C. ("Caremark") from this case.  Mem. & Order 4-5, ECF
No. 238.  Accordingly, the Court only refers to Defendant CVS
Pharmacy, Inc. ("CVS") in this Memorandum and Order.

Absent Class Member Discovery from Caremark Class Members, ECF No. 218 ("CVS Motion"),[2] and Plaintiffs' Opposition to Defendants' Motion for Absent Class Discovery and Cross-Motion for Rule 37 Sanctions, ECF No. 229 ("Plaintiffs' Cross-Motion").[3]  For the following reasons, CVS's Motion is DENIED and Plaintiffs' Cross-Motion is DENIED.

I.    **BACKGROUND**

In this class action consisting of two consolidated cases, Plaintiffs – third party payors ("TPPs") or health plans - allege that Defendants – CVS, a pharmacy; Caremark, a pharmacy benefit manager ("PBM"), now no longer active in the case; and other PBMs as "un-named co-conspirators" – overcharged the TPPs for prescription drugs.  First Am. Compl. ("FAC") ¶¶ 1-23, ECF No. 171.  Plaintiffs bring claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and state consumer protection acts, as well as claims of negligent misrepresentation, fraud, and unjust enrichment.  FAC ¶¶

---

[2] All docket entries refer to the docket in C.A. No. 16-046.

[3] On January 29, 2024, Plaintiffs moved to file their Opposition to Defendants' Motion for Absent Class Discovery and Cross-Motion for Rule 37 Sanctions under seal.  ECF No. 223.  Plaintiffs' Motion was docketed under seal on February 22, 2024.  ECF Nos. 228 & 229.

145-258.

On May 11, 2021, the Court certified Plaintiffs' class based on the "common question" of "whether Defendants engaged in a scheme to defraud TPPs by failing to report [Health Savings Pass or "HSP"] prices as [Usual and Customary or "U&C"] prices." Mem. & Order ("Certification Order" or "Cert. Order") 25, ECF No. 179. In the Certification Order, the Court determined that, with respect to Defendants' "challenges to individual TPPs based on actual knowledge" of Defendants' pricing scheme, "[t]o the extent these challenges present genuine issues of material fact, the Court will manage them in subclasses and afford Defendants the opportunity to challenge the class member(s)' proof." Id. at 53. In other words, "[i]f [Defendants] present colorable claims of [Plaintiffs'] knowledge, the Court will entertain those concerns, thus protecting Defendants' Seventh Amendment rights." Id. at 54.

CVS now seeks leave to conduct absent class member discovery related to the class members' knowledge of Defendants' pricing scheme. See generally CVS Pharmacy, Inc.'s & CaremarkPCS Health, L.L.C.'s Mot. Conduct Absent Class Member Disc. from Caremark Class Members ("CVS Mot."), ECF No. 218. Plaintiffs oppose and move for sanctions under Federal Rule of Civil Procedure 37. See generally Pls.' Opp'n Defs.' Mot. Absent Class Disc. & Cross-Mot. Rule 37

Sanctions ("Pls.' Cross-Mot."), ECF No. 229.

## II.  LEGAL STANDARD

"Ordinarily, under the Federal Rules of Civil Procedure, 'discovery techniques . . . only apply to named plaintiffs in a class action, not absent class members.'"  Briggs v. Mass. Dep't of Corr., Civil Action No. 15-40162-GAO, 2022 WL 16702402, at *1 (D. Mass. Oct. 20, 2022) (quoting In re Publ'n Paper Antitrust Litig., No. 3:04 MD 1631(SRU), 2005 WL 1629633, at *1 (D. Conn. July 5, 2005)).  In essence, absent class member discovery subverts the aggregative function of the class action.  See McPhail v. First Command Fin. Plan., Inc., 251 F.R.D. 514, 517 (S.D. Cal. 2008). Consequently, "courts should be attentive to the possibility of abuse when discovery is targeted directly or indirectly at passive class members."  In re Porsche Automobil Holding SE, 985 F.3d 115, 121 (1st Cir. 2021); see also Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 70 (S.D.N.Y. 2020) ("[C]ourts must be careful to avoid the in terrorem effect of extensive absent class member discovery, creating the risk that absent class members could proactively choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice.").  At the same time, a defendant has a right to due process and "should not be 'unfairly prejudiced by being unable to develop its case' even though 'facts of the

4

case may reside with the absent class members.'" Fishon, 336 F.R.D. at 70 (quoting 3 William B. Rubenstein, Newberg on Class Actions § 9:11 (5th ed. 2015)).

To balance these concerns, courts consider whether the absent class member discovery "(1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." Briggs, 2022 WL 16702402, at *1 (quoting Fishon, 336 F.R.D. at 70-71). Some courts also consider whether the discovery is "designed to take undue advantage of class members or to reduce the size of the class" and whether responding to the discovery requests would "require the assistance of counsel." McPhail, 251 F.R.D. at 517. "[T]he defendant must make a 'strong' showing" to justify the discovery. Fishon, 336 F.R.D. at 71 (quoting In re Warner Chilcott Ltd. Sec. Litig., No. 06 Civ.11515(WHP), 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008)).

Under Federal Rule of Civil Procedure 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In considering whether preclusion or a lesser sanction is appropriate, courts also examine "the history of the litigation;

the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence," in addition to justification and harmlessness.  Harriman v. Hancock Cnty., 627 F.3d 22, 30 (1st Cir. 2010); Lawes v. CSA Architects & Eng'rs LLP, 963 F.3d 72, 91 (1st Cir. 2020) ("Preclusion is not strictly required . . . ."). The party facing sanctions bears the burden of challenging the sanction.  Wilson v. Bradlees of New Eng., Inc., 250 F.3d 10, 21 (1st Cir. 2001).

## III. DISCUSSION

CVS seeks leave to serve two requests for production ("RFP") on "absent class members who contracted with Caremark as their pharmacy benefit manager ("PBM"), and third-party administrators ("TPAs") that directly contracted with Caremark on behalf of absent class members." CVS Mot. 1-2.  The proposed RFPs are as follows:

**Request for Production No. 1:** Produce all documents or communications, between January 1, 2008 and January 31, 2016, concerning or referencing Generic Drug Programs or Generic Drug Membership Programs, including but not limited to whether the pricing in either such program is usual and customary.  Documents are responsive to this request if they concern a specific pharmacy's Generic Drug Program or Generic Drug Membership Program, or they concern the concept of Generic Drug Programs or Generic Drug Membership programs in general.

**Request for Production No. 2:** Produce documents sufficient to identify which benefits consultants, if any, You used between January 1, 2008 and January 31, 2016, to advise about contracting with pharmacy benefit managers and/or the pricing for prescriptions drugs covered by prescription plans You offered members.

Id. at 2. Additionally, CVS seeks leave to take "a remote, ninety-minute Rule 30(b)(6) deposition" for each Caremark Class Member shown to have relevant knowledge. Id.

CVS claims it is entitled to this discovery in accordance with the Seventh Amendment and the right to due process because the discovery "is fundamental to" its defense. Mem. Supp. CVS Pharmacy, Inc.'s & CaremarkPCS Health, L.L.C.'s Mot. Conduct Absent Class Member Disc. from Caremark Class Members ("CVS Mem.") 1, ECF No. 219-1; see id. at 7. Specifically, "[t]he requested discovery pertains to the Caremark Class Members' knowledge that CVS was not reporting [HSP] prices as its [U&C] prices." Id. at 1. According to CVS, such knowledge about pricing means "there was no fraud or deception," thus defeating Plaintiffs' claims. Id. Plaintiffs challenge CVS's request for discovery, positing that it is unnecessary and "unprecedented" in scope. Pls.' Cross-Mot 1. Additionally, Plaintiffs move for Rule 37 sanctions for CVS's use of information not disclosed during the fact discovery period. Id. at 26-27.

### A. CVS's Motion for Absent Class Member Discovery

#### 1. Necessity of Requested Discovery

##### a. Individualized Versus Common Issues

As mentioned, a party seeking absent class member discovery must show that it "is needed for the purposes of trial or the

7

issues common to the class." <u>Briggs</u>, 2022 WL 16702402, at *1 (quoting <u>Fishon</u>, 336 F.R.D. at 70-71).  Courts often structure class actions such that common issues are resolved before individualized issues.  <u>See</u> Fed. R. Civ. P. 23(d)(1)(A) & 42(b); <u>see, e.g.</u>, <u>McPhail</u>, 251 F.R.D. at 519 ("Class members are sometimes called on to provide the court with information regarding their individual claims.  This may be appropriate in connection with preparation for the second stage of a bifurcated trial (with adequate time allowed for discovery) or the determination of entitlement to individual relief under a judgment or settlement." (quoting <u>Manual for Complex Litigation (Third)</u> § 30.232)); <u>Stinson v. City of New York</u>, No. 10 Civ. 4228 (RWS), 2015 WL 8675360, at *2 (S.D.N.Y. Dec. 11, 2015) ("'If the plaintiff class prevails on the common questions, it will then – but only then – become necessary to try or settle or otherwise dispose of individual questions . . . . If the common questions have been aptly defined, there should be no need at an earlier stage to have all of the individual class members before the court for discovery or any other purposes.'" (quoting <u>Dubin v. E.F. Hutton Grp., Inc.</u>, No. 88 Civ. 0876, 1992 WL 6164, at *4 (S.D.N.Y. Jan. 8, 1992))); <u>Swack v. Credit Suisse First Bos.</u>, 230 F.R.D. 250, 263 (D. Mass. 2005) (certifying class and favoring bifurcation in securities fraud case, noting that "although an individual plaintiff could benefit

from the class having established fraud-on-the-market during phase one, in order to recover damages he would have to defeat any defenses asserted against him by [d]efendants in phase two").  To provide a relevant example of the distinction between common issues and individualized issues: "Challenges based on the statute of limitations, fraudulent concealment, releases, causation, or reliance . . . go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability."  In re Linerboard Antitrust Litig., 305 F.3d 145, 163 (3d Cir. 2002) (quoting Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 4.26 (3d ed. 1992)).

This Court finds it appropriate to sever the common issues from individualized issues in this case.  The Court will next determine whether it may resolve the issues implicated in CVS's Motion as common questions or whether to defer them to a later phase.

### b. RICO Claims

CVS argues that the requested discovery is necessary for its defense against Plaintiffs' civil RICO claims because of RICO's "strict causation standard."  CVS Mem. 9-10.  CVS cites Anza v. Ideal Steel Supply Corp. for the proposition that, "[w]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly

to the plaintiff's injuries." 547 U.S. 451, 461 (2006); see CVS Mem. 9-10. CVS also notes that "the complete absence of reliance may prevent the plaintiff from establishing proximate cause." CVS Mem. 10 (quoting Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 658-59 (2008)). Here, CVS posits, "an alleged RICO violation does not lead 'directly' to Plaintiffs' alleged overpayment if the Plaintiffs' [sic] made that payment with eyes wide open to the challenged pricing practice." Id.

Plaintiffs counter that CVS "distort[s]" the RICO causation standard because Bridge did not hold that reliance is a requirement for RICO recovery. Pls.' Cross-Mot. 9 (citing Bridge, 553 U.S. at 661). Plaintiffs reason, "[w]hat matters [for proximate cause] . . . is not the extent of a class member's knowledge . . . but whether the victim's injury was a 'foreseeable and natural consequence' of the scheme, and whether 'a business so injured would be the "primary and intended victim[] of the scheme to defraud."'" Id. at 10 (footnotes omitted) (alteration in original) (quoting In re Neurontin Mktg. & Sales Pracs. Litig., 712 F.3d 21, 37 (1st Cir. 2013), in turn quoting Bridge, 553 U.S. at 661). CVS replies that, despite Plaintiffs' arguments, Plaintiffs' knowledge is still relevant to the proximate cause inquiry, warranting the requested discovery. CVS Reply 4-6, ECF No. 227-1.

The Court agrees with Plaintiffs.  Defendants have not shown that the requested discovery is necessary to challenge the proximate cause element of Plaintiffs' RICO claims.  The Court finds In re Neurontin instructive, which addressed an appeal from verdicts "compensating Kaiser, a major health plan provider and insurer, for the injury Kaiser suffered by its payment for . . . prescriptions which had been induced by a fraudulent scheme by Pfizer, the [drug] manufacturer."  712 F.3d at 25.  There, the First Circuit Court of Appeals noted that "[t]he [RICO] proximate causation question . . . concerns whether the chain of events between Pfizer's misrepresentations and Kaiser's payment for the prescriptions is so attenuated that, for legal and policy reasons, Kaiser's claim for recovery should be denied."  Id. at 34.  Looking at Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), with respect to the RICO proximate cause inquiry, the First Circuit noted the importance of "some direct relation between the injury asserted and the injurious conduct alleged," as well as three factors: (1) the ability to "ascertain the amount of a plaintiff's damages attributable to the violation as distinct from other, independent, factors"; (2) "administrability and the avoidance of multiple recoveries"; and (3) "societal interest in deterring illegal conduct and whether that interest would be served in a particular case."  In re Neurontin, 712 F.3d at 35-36

11

(internal quotation marks and citations omitted).  The court also discussed <u>Bridge</u> and its holding that "first-party reliance is not an element of proximate cause in a private RICO claim predicated on mail fraud." <u>Id.</u> at 36.  Applying these factors, the Court finds that CVS has not made a "strong showing" that Plaintiffs' knowledge could break the causal chain and destroy proximate causation for Plaintiffs' RICO claims.[4]  <u>Fishon</u>, 336 F.R.D. at 71; <u>see also</u> Cert. Order 54 n.17.  Accordingly, the requested discovery is not so necessary as to warrant absent class member discovery.

### c. State-Law Consumer Protection Claims

CVS argues that Plaintiffs' state-law consumer protection claims "require proof of causation, reliance, or both."  CVS Mem. 10.  In response, Plaintiffs note, "the Court certified eight consumer fraud states: California, Florida, Illinois,

---

[4] The Court recognizes that the <u>Bridge</u> Court additionally said, "the absence of first-party reliance may in some cases tend to show that an injury was not sufficiently direct to satisfy [18 U.S.C.] § 1964(c)'s proximate-cause requirement, <u>but it is not in and of itself dispositive.</u>"  553 U.S. at 659 (emphasis added).  That Court also stated, "[p]roof that the plaintiff relied on the defendant's misrepresentations <u>may</u> in some cases be sufficient to establish proximate cause, <u>but there is no sound reason to conclude that such proof is always necessary</u>." <u>Id.</u> (emphasis added).  Here, CVS has not shown that Plaintiffs' knowledge of the pricing scheme alone sufficiently attenuates the injury from cause such that absent class member discovery regarding that knowledge would be necessary.

Massachusetts, Michigan, Nevada, New York, and Washington.  And all of them employ an objective standard of causation that obviates the need for evidence of a class member's individual or subjective circumstances."  Pls.' Cross-Mot. 13 (footnotes omitted); see also Cert. Order 22, 77 n.22.  CVS posits that Plaintiffs mischaracterize those causation standards.  CVS Reply 7-8.

The Court finds that proof of individual reliance is not required under the consumer protection laws of the following states: California, Florida, Massachusetts, Michigan, and New York.

Under the California Consumers Legal Remedies Act, "class reliance can be presumed" if "a material misrepresentation was made to the class."  Johns v. Bayer Corp., 280 F.R.D. 551, 557-58 (S.D. Cal. 2012).  CVS argues that such a presumption cannot be made here because there was not "a single, material misrepresentation . . . directly made to each class member."  CVS Reply 7 (quoting Gonzalez v. Proctor & Gamble Co., 247 F.R.D. 616, 624 (S.D. Cal. 2007)).  Rather, "CVS submitted a prescription-specific U&C price on each of the hundreds of millions of different prescription claims.  Further, the alleged misrepresentation was made to the class member's PBM responsible for adjudicating the claim," rather than the class member directly.  Id. at 7-8.  However, as Plaintiffs highlight, "California consumer protection

13

laws take an objective approach of the <u>reasonable</u> consumer, not the particular consumer." <u>Johns</u>, 280 F.R.D. at 557; <u>see</u> Pls.' Cross-Mot. 13 n.52. Applying this reasonable consumer standard here, the factfinder can determine reliance based on the alleged misrepresentations made by CVS, information that CVS presumably already has at its disposal, so the absent class member discovery is unnecessary.

The Michigan and Florida consumer protection statutes also call for a reasonable consumer standard and thus do not require the discovery CVS seeks. <u>Speerly v. Gen. Motors, LLC</u>, 343 F.R.D. 493, 520-21, 525 (E.D. Mich. 2023), <u>aff'd</u>, No. 23-1940, 2024 WL 3964115 (6th Cir. Aug. 28, 2024); <u>Dix v. Am. Bankers Life Assur. Co. of Fla.</u>, 415 N.W.2d 206, 209 (Mich. 1987) ("[M]embers of a class proceeding under the [Michigan] Consumer Protection Act need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations.");[5] <u>Carriuolo v.</u>

---

[5] CVS cites <u>In re OnStar Contract Litigation</u>, in which the court found it "impossible . . . to apply a reasonable consumer standard as to reliance class-wide," but that was based on that case's "unique circumstances" for purposes of class certification. 278 F.R.D. 352, 378 (E.D. Mich. 2011). We have advanced beyond that stage.

Further, though not relevant for absent class member discovery, it is worth noting that despite the reasonable consumer standard, courts have found with respect to Michigan's statute, "a

Gen. Motors Co., 823 F.3d 977, 984 (11th Cir. 2016) ("Under Florida law, an objective test is employed in determining whether the practice was likely to deceive a consumer acting reasonably.  That is, '[a] party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.'" (quoting Davis v. Powertel, Inc., 776 So.2d 971, 973 (Fla. Dist. Ct. App. 2000))).

Regarding the Massachusetts Consumer Protection Act, CVS cites Hanrahran v. Specialized Loan Servicing, LLC, which states that "[b]oth the defendant's and the plaintiff's conduct, knowledge, and what they should have reasonably known may be factors in determining whether an act or practice is unfair."  54 F. Supp. 3d 149, 154 (D. Mass. 2014) (emphasis added).  But this is not a mandatory inquiry – "[t]o prove causation of one of these cognizable injuries, a plaintiff 'need not show proof of actual reliance on a misrepresentation in order to recover damages'; instead, the plaintiff must show 'a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception.'"  Ferreira v. Sterling Jewelers, Inc.,

named plaintiff . . . must still allege actual reliance."  In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 996 F. Supp. 2d 942, 997 (S.D. Cal. 2014) (emphasis added), order corrected, No. 11md2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014).

130 F. Supp. 3d 471, 478 (D. Mass. 2015) (quoting Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 886 n.12 (Mass. 2008)).  Thus, the Court finds absent class member discovery unnecessary under the Massachusetts statute.

Similarly, New York's consumer protection law "does not require proof of actual reliance."  Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005).

Under the Washington Consumer Protection Act, "[a]lthough proof that the plaintiff relied on the defendant's misrepresentations or omissions is not generally required to show causation . . . , a court may require the plaintiff to show reliance where reliance is the plaintiff's own causation theory."  G.G. v. Valve Corp., 579 F. Supp. 3d 1224, 1233 (W.D. Wash. 2022), aff'd sub nom. Galway v. Valve Corp., No. 22-35105, 2023 WL 334012 (9th Cir. Jan. 20, 2023).  Here, for the state consumer protection act claims, the Complaint states:

> Defendants' acts and practices created a likelihood of confusion or of misunderstanding and misled, deceived or damaged Plaintiffs and members of the Class in connection with the sale of and payments for generic prescription drugs.  Defendants' conduct also constituted the use or employment of deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods whether or not a person has in fact been misled, deceived or damaged in violation of each of the above-enumerated statutes.

FAC ¶ 233.  The Court does not read Plaintiffs' theory as centered on actual reliance.

Conversely, Illinois and Nevada do require proof of individual reliance.  Under the Illinois Consumer Fraud and Deceptive Business Practices Act, as CVS points out, "the plaintiff must actually be deceived by a statement or omission that is made by the defendant."  De Bouse v. Bayer, 922 N.E.2d 309, 316 (Ill. 2009); see also Barbara's Sales, Inc. v. Intel Corp., 879 N.E.2d 910, 919 (Ill. 2007) ("[P]laintiffs need not prove actual deception of the named plaintiffs under . . . California's Unfair Competition Law, as they would under . . . the Illinois Consumer Fraud Act.").  And under the Nevada statute, "[t]o meet the causation element, [p]laintiff must allege that she relied on a specific and identified misrepresentation that caused her harm."  McDonald v. Navy Fed. Fin. Grp., LLC, No. 2:23-cv-01325-ART-EJY, 2023 WL 5797724, at *4 (D. Nev. Sept. 7, 2023), report and recommendation adopted sub nom. McDonald v. Nvay Fed. Fin. Grp., LLC, No. 2:23-cv-01325-ART-EJY, 2024 WL 3273797 (D. Nev. July 1, 2024), appeal filed, No. 24-4784 (9th Cir. Aug. 5, 2024).  However, these are individualized inquiries.  The Court will defer adjudication – including any necessary discovery - on the individualized issues at a later phase, following adjudication of common class-wide issues.

#### d. State-Law Unjust Enrichment Claims

CVS argues that "several of Plaintiffs' state-law unjust enrichment claims" require proof of causation, reliance, or both. CVS Mem. 10.  This lawsuit implicates unjust enrichment law in the following states: Arkansas, Colorado, Connecticut, District of Columbia, Hawaii, Illinois, Indiana, Iowa, Missouri, New Mexico, New York, Oklahoma, and West Virginia.  Cert. Order 21-22.

CVS only discusses the laws in the District of Columbia, Illinois, New York, and West Virginia.  See CVS Mem. 10 n.11 (citing In re Light Cigarettes Mktg. Sales Pracs. Litig., 271 F.R.D. 402 (D. Me. 2010) (discussing unjust enrichment law in the District of Columbia and Illinois); and Emp. Teamsters-Loc. Nos. 175/505 Health & Welfare Tr. Fund v. Bristol Myers Squibb Co., 969 F. Supp. 2d 463 (S.D. W. Va. 2013) (for West Virginia)); CVS Reply 8-9 (citing cases for New York unjust enrichment law).  CVS has shown a need for the requested information to defend against the unjust enrichment claims in those states, specifically as to whether the enrichment was "unjust."  See In re Light Cigarettes Mktg. Sales Pracs. Litig., 271 F.R.D. at 418 ("The [p]laintiffs do not explain why it is unjust for the [d]efendants to retain the money from someone who did not believe their misrepresentations when purchasing, did not purchase because of their misrepresentations, or received the benefit promised."); Whalen v.

18

Pfizer, Inc., 9 Misc.3d 1124(A), 2005 WL 2875291, at *4 (N.Y. Sup. Ct. 2005) ("[I]f the plaintiff, acting with knowledge of the facts, pays for the product and continues to use the product, there is no unjust enrichment and recovery is barred."); Emp. Teamsters-Loc. Nos. 175/505 Health & Welfare Tr. Fund, 969 F. Supp. 2d at 466, 471-72 (dismissing unjust enrichment claim in action alleging "misleading and false marketing of Plavix" because the complaint did not allege "whether any prescriptions were written based on a misunderstanding of Plavix's efficacy" and "for failure to sufficiently plead proximate causation"). However, these inquiries go to individualized, rather than common, issues and will therefore be deferred to a later phase in this litigation.

For the remaining states, CVS has not shown a need for the requested discovery.

### e. Affirmative Defenses

CVS claims that absent class member discovery is necessary to develop its statute of limitations and voluntary payment doctrine affirmative defenses. CVS Reply 9.[6] However, such affirmative

---

[6] CVS did not mention its affirmative defenses in its Motion. Ordinarily, the Court would not consider an argument raised for the first time in a reply brief. See Murray v. Uber Techs., Inc., 486 F. Supp. 3d 468, 473 (D. Mass. 2020). However, the Court will consider it here because the parties have briefed the issue in the past. See Mem. Supp. Defs.' Obj. Pls.' Mot. Class Cert. 55-58, ECF No. 128-1; Reply Supp. Pls.' Mot. Class Cert. 32-36, ECF No. 143; Echevarría v. AstraZeneca Pharm. LP, 856 F.3d 119, 133 n.18

defenses go to individualized issues of right to recovery, rather than common issues of liability, and will be addressed at a later time.  See Cox v. Spirit Airlines, Inc., 341 F.R.D. 349, 371 (E.D.N.Y. 2022), amended on reconsideration in part on other grounds, No. 17-CV-5172(EK)(VMS), 2023 WL 1994201 (E.D.N.Y. Feb. 14, 2023).

### 2. Narrow Tailoring and Undue Burden

The Court finds CVS's discovery request unduly burdensome and not narrowly tailored to the extent that CVS seeks discovery, and potentially depositions, from roughly 5,400 class members.  CVS Mem. 2, 4.  CVS provides an "alternative" in the form of a smaller group - about 170 class members - from which to obtain discovery, a "subset of Caremark Class Members for whom Defendants already have some individualized evidence suggesting knowledge." CVS Mem. 19-20.  This narrowed alternative is less burdensome.[7]

---

(1st Cir. 2017) ("Although it's true that courts routinely preclude a litigant from raising new arguments in a reply brief, this rule is not inflexible; courts retain discretion to excuse parties from procedural gaffes such as this.").

[7] After reviewing the evidence, the Court finds that CVS has not advanced enough "colorable claims" regarding individual knowledge to warrant modification of the class at this time.  Cert. Order 54.  According to Plaintiffs, 87 of the 195 communications provided by CVS are not attributed to a class member.  Pls.' Cross-Mot. 14-15.  Of the communications attributed to class members, most do not establish a solid claim that the class member knew the HSP price was not the U&C price because: (1) there was no clear

### 3. Availability from Class Representatives

According to CVS, neither the representative Plaintiffs nor CVS have access to the full scope of evidence sought by CVS.  CVS Mem. 15.  "[A]lthough Caremark has <u>some</u> evidence of its clients' knowledge within its custody and control, this evidence is likely just the tip of the iceberg."  <u>Id.</u> at 17.  Once again reiterating that CVS bears the burden of justification, the Court finds that the availability of some evidence of knowledge from representative Plaintiffs weighs against permitting absent class member discovery.

### 4. Undue Advantage and Reduction of Class Size

Neither party addresses this factor, so the Court does not consider it.

### 5. Assistance of Counsel

Plaintiffs argue that absent class members and nonparty TPAs will "inevitably" need to consult counsel when responding to the proposed RFPs.  Pls.' Cross-Mot. 25.  Specifically, they will need

---

confirmation that such pricing was the case, <u>see generally</u> DX20, Decl. of Danielle West, ECF No. 219-15; (2) the communication was not directed to the class member, <u>see, e.g.</u>, ECF No. 223-2 at 1, 3 (referring to DX33, ECF No. 219-26, for ███████████████ ███████ and DX48, ECF No. 219-41, for █████████████████); or (3) the communication was only in draft form, <u>see, e.g.</u>, <u>id.</u> at 4-5 (referring to DX50, ECF No. 219-43, for █████████████████████ and DX60, ECF No. 219-53, for ██████████████████).

the assistance of counsel "to negotiate search terms, identify custodians, hire an e-discovery vendor, and review documents before producing." Id. CVS argues that their requests are narrow enough so as not to require assistance of counsel. CVS Reply 20 (citing Easton & Co. v. Mut. Benefit Life Ins. Co., No. 91-4012 (HLS), 1994 WL 248172, at *6 (D.N.J. May 18, 1994)). The Court finds that absent class members will likely need to consult with counsel, so this factor weighs in favor of denying CVS's Motion. See McPhail, 251 F.R.D. at 518.

### 6. Decision

Upon weighing the foregoing considerations, the Court DENIES CVS's Motion to Conduct Absent Class Member Discovery, ECF No. 218. However, regarding the individual knowledge issues for which CVS has shown a need for absent class member discovery, the Court finds it appropriate to reserve on discovery and adjudication, such that individual knowledge may be explored either during claim administration or through bifurcation of liability and damages trials. The Court will work with the parties to determine how best to sever the issues to avoid any Seventh Amendment hurdles. See In re Asacol Antitrust Litig., 907 F.3d 42, 55 (1st Cir. 2018) ("[T]he defendant must be offered the opportunity to challenge each class member's proof that the defendant is liable to that class member."); In re Pharm. Indus. Average Wholesale Price

<u>Litig.</u>, 230 F.R.D. 61, 91 n.30 (D. Mass. 2005) ("Bifurcation of a trial must be carefully crafted to avoid violating the Seventh Amendment by subjecting jury determinations made at the first phase to reevaluation at the second phase."); <u>see, e.g.</u>, <u>Kang v. Credit Bureau Connection, Inc.</u>, No. 1:18-cv-01359-AWI-SKO, 2022 WL 16748698, at *4 (E.D. Cal. Nov. 6, 2022) (collecting cases); <u>see generally</u> <u>Simon v. Philip Morris Inc.</u>, 200 F.R.D. 21 (E.D.N.Y. 2001) (discussing issue severance).

### B. Plaintiffs' Motion for Sanctions

According to Plaintiffs, CVS violated Rule 26 by relying on information that it did not disclose before the March 2019 expiration of fact discovery. Pls.' Cross-Mot. 27 ("[N]early five years after the close of discovery, [D]efendants chose to run new searches of their files. Starting in October 2023, [D]efendants began rolling productions of 38,541 pages . . . ."). Plaintiffs claim that preclusion is "required" because CVS's violation is not substantially justified or harmless. <u>Id.</u> at 27-28. Specifically, they argue there is no justification because CVS possessed the relevant documents before the litigation began. <u>Id.</u> at 28. Plaintiffs claim they are harmed by the delayed disclosure because they are "deprived . . . of the ability to conduct follow up discovery." <u>Id.</u> at 29. Further, Plaintiffs argue "[t]he history of the litigation does not favor [CVS] because [it] had many years

to produce this discovery . . . and didn't, despite all the incentive to do so; then [it] waited another two and a half years after the Court issued its class certification opinion." Id. at 30. For the Court's docket, "the impact . . . would be severe" given the implications of absent class member discovery. Id. Finally, Plaintiffs assert that CVS does not need the discovery but is instead attempting to stall the case. Id. at 30-31.

CVS counters that "Plaintiffs' entire case rests on significant evidence that Plaintiffs have yet to obtain" and therefore "cannot have it both ways." CVS Reply 21 (emphasis omitted). And CVS claims it was supplementing its discovery in accordance with Rule 26(e) because "Caremark could not have realistically searched its records for evidence of the class members' knowledge or known which documents were relevant to class member knowledge until after class certification and after Caremark completed its contract review." Id. at 22. For that same reason, CVS argues that if its disclosures are considered late, it is justified. Id. at 23-24. CVS continues, preclusion is unwarranted upon weighing of the relevant factors, especially because Plaintiffs are not harmed, considering their position that the discovery is irrelevant and compared to other cases where harm was found. Id. at 24-26.

In reply, Plaintiffs take issue with CVS's justification argument because "prior to the close of discovery . . . , [D]efendants (1) openly pursued their 'knowledge' defense; (2) knew the identity of Caremark's clients (and those clients' respective account managers); and (3) knew the scope of the class and relevant time period from [P]laintiffs' [C]omplaint." Pls.' Reply 2; see also id. at 4 ("[D]efendants fail to explain what information the class certification order and subsequent contract review imparted that Caremark wouldn't have already known during the discovery period."). As for CVS's argument that Plaintiffs themselves are engaging in late fact discovery, Plaintiffs note that their discovery "concerns evidence from nonparties" to which Rule 26 disclosure requirements do not apply. Id. at 2 (emphasis omitted). Finally, Plaintiffs claim that CVS "downplay[s]" the harm. Id.; see also id. at 5-6.

First, CVS's disclosures were clearly untimely, as they came several years after both the close of fact discovery and the Court's class certification order. See CVS Mem. 4-5. Next, the Court finds the delay is not substantially justified. "A substantial justification is one that 'could satisfy a reasonable person.'" Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth., 295 F.3d 108, 117 (1st Cir. 2002) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Here, previous case schedules set fact

discovery to end at the same time as, or earlier than, the deadline for Plaintiffs' class certification motion. See Text Order (Aug. 29, 2018); Text Order (Jan. 11, 2019). A reasonable person would not think that CVS could pause its fact discovery until after the order on class certification, at least without the Court's permission. Nor would a reasonable person read the Court's Certification Order as inviting late discovery.

However, the Court agrees with CVS that the delay is relatively harmless. As CVS points out, the cases upon which Plaintiffs rely are distinct because they concern the harms of late disclosure with respect to summary judgment or within days of trial. See CVS Reply 26; see, e.g., Harriman, 627 F.3d at 31; Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001); Lopez Ent. Grp. v. Telemundo Commc'ns Grp., LLC, No. CV 13-5222 FMO (MRWx), 2014 WL 12614474, at *1 (C.D. Cal. Oct. 14, 2014); AVX Corp. v. Cabot Corp., 252 F.R.D. 70, 80-81 (D. Mass. 2008); Macaulay v. Anas, 321 F.3d 45, 52-53 (1st Cir. 2003). Here, there is still time to cure any prejudice by providing Plaintiffs with an opportunity to respond to the late discovery. Further, "[t]he prejudice . . . is minimized by the fact that [Plaintiffs] cannot claim surprise" because CVS has been transparent about its knowledge defenses since before the close of fact discovery. G.K.

v. Sununu, No. 2021-cv-4-PB, 2024 WL 3011178, at *8 (D.N.H. June 14, 2024); see Pls.' Cross-Mot. 26.

Turning to the other sanction factors, CVS has not "deliberately and repeatedly disregarded [its] discovery obligations" over the history of the litigation. Lawes, 963 F.3d at 96. In considering the Court's docket, the late discovery is far from ideal, especially considering the age of this case. But the Court is confident that a revised case schedule can allow the parties to move forward fairly. Finally, CVS has demonstrated at least some need for the information at issue.

Accordingly, the Court DENIES Plaintiffs' Cross-Motion for Rule 37 Sanctions but will revise the case schedule at Plaintiffs' request to allow Plaintiffs to respond to the late disclosures with follow-up discovery.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES CVS's Motion to Conduct Absent Class Member Discovery, ECF No. 218.  Additionally, the Court DENIES Plaintiffs' Cross-Motion for Rule 37 Sanctions, ECF No. 229.  The Court will schedule a conference with the parties if needed to discuss revisions to the case schedule, or the parties may submit a stipulation.


IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: September 25, 2024