```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, and INDIANA CARPENTERS WELFARE FUND, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CVS PHARMACY, INC., et al.,<br><br>      Defendants. | C.A. No. 16-046 WES |
| PLUMBERS WELFARE FUND, LOCAL 130, U.A., on behalf of itself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CVS PHARMACY, INC., et al.<br><br>      Defendants. | C.A. No. 16-447 WES |

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

    Before the Court is "Plaintiffs' Motion to Clarify Memorandum and Order (ECF No. 238), or in the Alternative, to Appoint Sheet Metal Workers Local No. 20 Representative of the Arbitrability

Subclass," ECF No. 246 ("Pls.' Mot.").[1]  For the following reasons, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**

In May 2024, the Court issued a Memorandum and Order that, in part, stayed this litigation for a group of class members so that an arbitrator could determine whether Defendant CVS Pharmacy, Inc. ("CVS") may invoke the arbitration clauses in the contracts between those class members and former Defendant CaremarkPCS Health, L.L.C. ("Caremark").  Mem. & Order 4-8, ECF No. 238.  The Court delegated that arbitrability question to the arbitrator because those contracts incorporate the rules of the American Arbitration Association ("AAA"), the Judicial Arbitration and Mediation Services ("JAMS"), the American Health Law Association ("AHLA"), and the International Institute for Conflict Prevention and Resolution ("CPR"); such incorporation is "clear and unmistakable evidence of the parties' intent to delegate arbitrability issues to the arbitrator," which divests the Court of authority to decide questions of arbitrability.  Id. at 7 (quoting Bossé v. N.Y. Life Ins. Co., 992 F.3d 20, 29 (1st Cir. 2021)); see id. at 5-6, 8.

Then, Sheet Metal Workers Local No. 20 Welfare and Benefit Fund ("Sheet Metal Workers") – a class representative in this

---

[1] All docket entries refer to the docket in C.A. No. 16-046.

litigation – attempted to initiate an arbitration proceeding before AAA on behalf of the subclass for which the litigation is stayed (the "arbitrability subclass"). See Pls.' Mot. 2; Pls.' Mot. Ex. A, ECF No. 246-1. However, CVS objected to the arbitration proceeding for several reasons, primarily arguing that Sheet Metal Workers is not a member of the arbitrability subclass. See Pls.' Mot. Ex. B, at 1-2, ECF No. 246-2. Now, Plaintiffs ask the Court to clarify its order and confirm that the arbitrability subclass includes Sheet Metal Workers. Pls.' Mot. 3-4. Alternatively, Plaintiffs ask the Court to name Sheet Metal Workers as the representative of the arbitrability subclass. Id. at 4; Pls.' Reply Br. Supp. Pls.' Mot. ("Pls.' Reply") 1, ECF No. 258.

**II. DISCUSSION**

CVS raises several objections to Plaintiffs' Motion. See generally CVS's Resp. Opp'n Pls.' Mot. ("CVS Resp."), ECF No. 249. The Court addresses the relevant objections in turn.

### A. Whether Sheet Metal Workers Was Originally Included in the Arbitrability Subclass

Plaintiffs read the Court's Memorandum and Order to include Sheet Metal Workers in the arbitrability subclass because the Memorandum and Order did not explicitly distinguish between absent class members and named class representatives. Pls.' Mot. 3 & n.8. CVS argues that the Court could not have included Sheet Metal Workers in the arbitrability subclass because CVS's original

motion, upon which the Memorandum and Order is premised, only concerned absent class members, not named representatives like Sheet Metal Workers. CVS Resp. 3-4. Further, CVS argues that the Court cannot sua sponte compel enforcement of Sheet Metal Workers' arbitration clause without a request from CVS to do so. Id. at 5 (collecting cases). Plaintiffs reply that "the Court is not bound to fashion a remedy in exactly the way CVS requested." Pls.' Reply 6.

The Court did not originally include Sheet Metal Workers in the arbitrability subclass. The parties did not make any arguments for including Sheet Metal Workers in the arbitrability subclass at that time and the Court relied on materials provided by CVS which did not include reference to Sheet Metal Workers. See generally Mem. Supp. CVS Mot. Amend Class Definition to Exclude Certain Absent Class Members or, in the Alternative, Dismiss Their Claims ("CVS Original Mem."), ECF No. 214-1; Pls.' Consolidated Opp'n, ECF No. 216-1; Defs.' Reply, ECF No. 221; see also Mem. & Order 6 (citing CVS Original Mem. 4-7 & n.6); id. at 8. And generally, as CVS argues, courts cannot sua sponte order arbitration. See Ghaffar v. Paulson PRV Holdings, LLC, No. CV 23-1528 (SCC), 2024 WL 5283921, at *1 & nn.1-2 (D.P.R. Dec. 20, 2024). Accordingly, Plaintiffs' Motion is denied to the extent it seeks confirmation that Sheet Metal Workers was originally included in the

4

arbitrability subclass.

### B. Whether the Court May Now Appoint Sheet Metal Workers as Representative of the Arbitrability Subclass

Plaintiffs ask the Court to now appoint Sheet Metal Workers as representative of the arbitrability subclass to facilitate the arbitrator's resolution of the arbitrability question. Pls.' Mot. 3-4; Pls.' Reply 1. CVS opposes this request for various reasons, primarily because an improper class arbitration would result. CVS Resp. 6-10. To that point, Plaintiffs reply that they are not attempting to initiate a class arbitration, but rather they are seeking the collective resolution of an arbitrability question – a threshold issue that precedes the question of availability of class arbitration. Pls.' Reply 2-4.

The Court agrees with Plaintiffs that the limitations on class arbitration are not controlling at this stage. Class arbitration is only permissible if there is an explicit agreement to such. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 684 (2010). Ambiguity or silence on the class arbitration issue is a bar to class arbitration. Id. at 686-87; Lamps Plus, Inc. v. Varela, 587 U.S. 176, 189 (2019). But this case law concerns the resolution of a case's merits through class arbitration; it does not concern our present issue, i.e., the resolution of an arbitrability question (that question being whether a third-party may invoke an arbitration clause through equitable estoppel). The

5

Supreme Court recognizes the distinction between threshold questions of arbitrability and the arbitration of a dispute's merits. See Coinbase, Inc. v. Suski, 602 U.S. 143, 149 (2024) ("In prior cases, we have addressed three layers of arbitration disputes: (1) merits, (2) arbitrability, and (3) who decides arbitrability."); Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 65 (2019) ("When a dispute arises, the parties sometimes may disagree not only about the merits of the dispute but also about the threshold arbitrability question – that is, whether their arbitration agreement applies to the particular dispute."). CVS cites no binding case law prohibiting the class-wide resolution of an arbitrability question.

Nonetheless, the Court will not interfere with the arbitration proceeding by appointing Sheet Metal Workers as representative of the arbitrability class. See Shaw's Supermarkets, Inc. v. United Food & Com. Workers Union, Loc. 791, AFL-CIO, 321 F.3d 251, 254-55 (1st Cir. 2003) (holding that the consolidation of three grievances into a single arbitration was a procedural issue for the arbitrator, not the court, to decide) (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85 (2002)); CRS Sirrine Eng'rs, Inc. v. Aetna Cas. & Sur. Co., No. 96-11749-GAO, 1997 WL 136335, at *2 (D. Mass. Feb. 24, 1997) ("The disagreements reflected in this suit pertain rather to the

structure and organization of the arbitration proceedings. As a general rule, those topics are beyond the court's ken under the [Federal Arbitration Act]."); see also AAA Suppl. R. for Class Arbitrations 4(a) ("[T]he arbitrator shall determine whether one or more members of a class may act in the arbitration as representative parties on behalf of all members of the class described."). Accordingly, Plaintiffs' Motion is denied to the extent it asks the Court to appoint Sheet Metal Workers as the representative of the arbitrability subclass.

### III. CONCLUSION

For the foregoing reasons, "Plaintiffs' Motion to Clarify Memorandum and Order (ECF No. 238), or in the Alternative, to Appoint Sheet Metal Workers Local No. 20 Representative of the Arbitrability Class," ECF No. 246, is GRANTED to the extent it requests clarification but is otherwise DENIED.

IT IS SO ORDERED.

/s/ W. E. Smith
William E. Smith
Senior District Judge
Date: February 12, 2025