UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND; and INDIANA CARPENTERS WELFARE FUND, *on behalf of themselves and all others similarly situated*, <br>  Plaintiffs, <br> <br> v. <br> <br> CVS PHARMACY, INC., <br>  Defendant. | No. 16-cv-046-JJM-PAS |
| PLUMBERS WELFARE FUND, LOCAL 130, *on behalf of itself and all others similarly situated*, <br>  Plaintiff, <br> <br> v. <br> <br> CVS PHARMACY, INC., <br>  Defendant. | No. 16-cv-447-JJM-PAS |

ORDER

I. BACKGROUND

Earlier this month, the Court entered an order (i.e., "the February 3rd Order") that had the effect of dismissing the claims of some class member Plaintiffs in this class action lawsuit, while also allowing the claims of other class member Plaintiffs

to proceed in federal court. ECF No. 289[1]; *see also Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, Nos. 16-cv-046-JJM-PAS, 16-cv-447-JJM-PAS, 2026 WL 278704 (D.R.I. Feb. 3, 2026).

To be more specific, the Court found that Defendant CVS Pharmacy, Inc. ("CVS") was entitled to nonsignatory enforcement of Plaintiffs' delegated arbitration agreements that were governed by the law of states that apply the "rely on" and/or "concerted misconduct" tests for equitable estoppel. ECF No. 289 at 19-26. These states include Arizona, California, Delaware, Florida, Georgia, Hawaii, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nevada, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia, as well as the District of Columbia. *Id.* at 29. The Court labeled these claims as "Category 1 Claims," and the Category 1 Claims were dismissed from this lawsuit. *Id.* at 26.

However, the Court found that CVS was *not* entitled to arbitrate the claims of Plaintiffs with delegated arbitration agreements governed by the law of states that either apply the "detrimental reliance" test for equitable estoppel, or that require arbitration agreements to contain language broad enough to encompass claims against nonsignatories. *Id.* at 28-29. These states include Colorado, Illinois, Indiana, New Jersey, Oregon, and Wisconsin. *Id.* at 29. The Court labeled these claims as

---

[1] All ECF Nos. in this order correspond with the lead case number, No. 16-cv-046-JJM-PAS.

"Category 2 Claims," and the Category 2 Claims were allowed to proceed in federal court. *Id.*

CVS has now moved for limited reconsideration of the February 3rd Order. ECF No. 297. Specifically, CVS contends that the Court erroneously concluded that Wisconsin applies the "detrimental reliance" test for equitable estoppel, and that the proper test under Wisconsin law is the "rely on" test. *Id.* at 1-2. According to CVS, the claims governed by Wisconsin law should have been treated as Category 1 Claims and dismissed from this class action, as opposed to being classified as Category 2 Claims and permitted to proceed in federal court. *Id.* at 1. Plaintiffs object to CVS's motion for limited reconsideration. *See* ECF No. 298.

## II.   DISCUSSION

### A.   Legal Standard

A court may "alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e). As the First Circuit has explained, an order denying a party's motion to compel arbitration is properly brought under Rule 59(e) because it is an "order from which an appeal lies." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (quoting Fed. R. Civ. P. 54(a)).

In considering a Rule 59(e) motion, a court must exercise "considerable circumspection" because granting such a motion "is an extraordinary remedy and should be employed sparingly." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) (citing *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)). Relief is to be granted "only when 'the original judgment evidenced a manifest error

3

of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).

      **B.    Whether Wisconsin Applies the "Rely On" Test or "Detrimental Reliance" Test for Equitable Estoppel**

CVS requests that this Court reconsider its prior decision, which concluded that Wisconsin applies the "detrimental reliance" test for equitable estoppel as opposed to the "rely on" test. *See* ECF No. 297 at 27-28. CVS argues that the Court "manifestly erred" in making this decision. ECF No. 297 at 4-5. The Court disagrees.

In its February 3rd Order, the Court found that Wisconsin employs the "detrimental reliance" test based on its reading of two federal court cases applying Wisconsin law. ECF No. 289 at 27-28 (citing *Pagan v. Integrity Sol. Servs., Inc.*, 42 F. Supp. 3d 932, 934 (E.D. Wis. 2014); *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 753 (7th Cir. 2017)). These cases were decided in 2014 and 2017, respectively, and CVS concedes that they each concluded that "equitable estoppel, in general, under Wisconsin law requires detrimental reliance." ECF No. 297 at 2-3 (citing *Pagan*, 42 F. Supp. 3d at 934; *Scheurer*, 863 F.3d at 753).

However, CVS claims that a more recent 2021 decision by the Wisconsin Court of Appeals concluded that Wisconsin applies the "rely on" test for equitable estoppel. *Id.* at 3 (citing *Mayer v. Soik*, No. 2020AP199, 2021 WL 3073073 (Wis. Ct. App. July 21, 2021)). According to CVS, the court "adopted the 'rely on' test for equitable estoppel when it held that a nonsignatory was entitled to invoke an arbitration agreement, where the claims were 'intimately founded in and intertwined with the

4

[signatories'] contractual obligations."'[2]  *Id.* (quoting *Mayer*, 2021 WL 3073073, at *12).  It is CVS's contention that this Court erred by failing to find this decision to be persuasive authority.  *Id.* at 4.

As a preliminary matter, the Supreme Court has instructed courts to apply state law contract principles in deciding whether a party is bound by an arbitration agreement.  *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).  As such, for the claims of Plaintiffs that are governed by Wisconsin law, the Court must apply Wisconsin law, including the state's doctrine of equitable estoppel.

Admittedly, there are very few cases addressing whether, under Wisconsin law, a nonsignatory to an arbitration agreement is entitled to compel arbitration under a theory of equitable estoppel.  The Wisconsin Supreme Court has yet to take up this precise issue.  The Wisconsin Supreme Court has, however, set forth the state's "four elements of equitable estoppel: (1) action or non-action; (2) on the part of one against whom estoppel is asserted; (3) which induces reasonable reliance thereon by the other, either in action or non-action; (4) *which is to the relying party's*

---

[2] This specific type of equitable estoppel is referred to as "intertwined claims estoppel," which is a species of the "rely on" test.  Intertwined claims estoppel looks to whether "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) (quoting *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995)).  This is the approach used under federal common law, *see Sourcing Unlimited, Inc. v. Asimco Int'l, Inc.*, 526 F.3d 38, 46-47 (1st Cir. 2008), which differs from the "detrimental reliance" test employed by some of the states.  *See, e.g., Santich v. VCG Holding Corp.*, 443 P.3d 62, 63-65 (Colo. 2019); *Ervin v. Nokia, Inc.*, 812 N.E.2d 534, 541 (Ill. App. Ct. 2004); *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 525 (Ind. 2021); *Hirsch v. Amper Fin. Servs., LLC*, 71 A.3d 849, 858 (N.J. 2013).

detriment." *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 715 N.W.2d 620, 628 (Wis. 2006) (emphasis added).

Based on this ruling in *Affordable Erecting*, the federal court in *Pagan* interpreted Wisconsin law to include detrimental reliance as a necessary element of equitable estoppel in the nonsignatory enforcement context. 42 F. Supp. 3d at 934. In *Scheurer*, the Seventh Circuit took this analysis one step further. That court held that, not only does Wisconsin employ detrimental reliance in the context of nonsignatory enforcement, but that the Wisconsin Supreme Court has—in other contexts—"rejected equitable estoppel claims when the party seeking to apply estoppel could not show specific facts supporting reasonable and detrimental reliance." *Scheurer*, 863 F.3d at 753 (citing *Parsons v. Associated Banc-Corp.*, 893 N.W.2d 212, 224 (Wis. 2017)). The Court found this to be persuasive authority as to how the Wisconsin Supreme Court might come out on the issue.

CVS essentially argues that all of the previous courts that have decided the issue got it wrong and that the *Mayer* court is the one that got it right. There are several reasons why this Court is unconvinced. First, since *Mayer* was decided, several courts have cast doubt on that decision. In 2022, the Ninth Circuit, in an opinion interpreting Wisconsin law, noted that *Mayer* is an unpublished, nonauthoritative case. *See Wolff v. Tomahawk Mfg.*, No. 22-35145, 2022 WL 17749271, at *1 (9th Cir. Dec. 19, 2022).

Then, just a few months ago, the U.S. District Court for the Eastern District of Wisconsin cast further doubt on *Mayer*. *See Harper v. TCC Wireless, LLC*, No. 25-

6

CV-686, --- F. Supp. 3d ----, 2025 WL 3215636, at *8 (E.D. Wis. Nov. 18, 2025). As that court observed, the unpublished decision in *Mayer* "is not afforded precedential weight even in Wisconsin courts." *Id.* at 8 (citing Wis. Stat. § 809.23(3)(b)).[3] The *Harper* court continued:

> [Defendant] contends that the equitable estoppel analysis that the Wisconsin Court of Appeals "applied in *Mayer* is similar if not identical to the intertwined-claims estoppe[l] under Texas law as applied by the Fifth Circuit." That assertion tends to overstate the court's holding in *Mayer*.
>
> ***
>
> The court of appeals' decision in *Mayer* does not represent a broad endorsement of intertwined claims estoppel. At best, it can be read as surveying the law on the matter and concluding that under the specific facts of that case, it was appropriate to hold that an agreement to arbitrate with a corporation applied to a claim against a corporate officer. This is consistent with the general view that application of this species of estoppel depends heavily on the facts.

*Id.* at 7-8 (internal citations omitted). In other words, *Mayer* can hardly be construed as an acceptance of intertwined claims estoppel and a rejection of detrimental reliance by the Wisconsin courts.

Indeed, in other cases involving both claims of equitable estoppel and arbitration, Wisconsin courts have specifically included the detrimental reliance element in their analysis. *See, e.g., Milas v. Labor Ass'n of Wis., Inc.*, 571 N.W.2d 656, 660-661 (Wis. 1997) (analyzing whether party was equitably estopped by its participation in arbitration process from bringing challenge to arbitrator's decision

---

[3] Plaintiffs make the same observation in their objection to CVS's Motion for Reconsideration. *See* ECF No. 298 at 2 ("Wisconsin law explicitly dictates that '[a] court need not distinguish or otherwise discuss an unpublished opinion and a party has no duty to research or cite it.'" (quoting Wis. Stat. § 809.23(3)).

7

and including "detrimental reliance" as part of that analysis); *Marlowe v. IDS Prop. Cas. Ins. Co.*, 811 N.W.2d 894, 896 n.3 (Wis. Ct. App. 2012), *aff'd*, 828 N.W.2d 812 (Wis. 2013) (declining to consider defendant's argument that plaintiff was equitably estopped from contesting arbitration panel's authority because defendant had failed to address, among other things, the detrimental reliance element of equitable estoppel in its briefing). These cases, unlike *Mayer*, are both published and binding upon the Wisconsin lower courts.

Finally, CVS points out that this Court previously relied on an Illinois intermediate appellate court decision in predicting that the Illinois Supreme Court would adopt the detrimental reliance test for equitable estoppel. ECF No. 297 at 4; *see* ECF No. 289 at 27 n.25. CVS argues that the Court should similarly rely on *Mayer*, an intermediate appellate court decision.

The two situations are readily distinguishable. First, the Appellate Court of Illinois opinion that this Court relied on is both published and authoritative, *see Ervin v. Nokia, Inc.*, 812 N.E.2d 534 (Ill. App. Ct. 2004); again, *Mayer* is neither. And second, as this Court noted before, the Seventh Circuit has stated in a decision interpreting Illinois law that "the Illinois Supreme Court has reaffirmed its longstanding detrimental reliance standard in equitable estoppel claims…. We hardly need to predict where it stands." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 641 (7th Cir. 2021) (citing *In re Scarlett Z.-D.*, 28 N.E.3d 776, 785 (Ill. 2015)). So too here: in its opinion concluding that detrimental reliance applies under Wisconsin law, the Seventh Circuit cited various Wisconsin Supreme Court decisions, essentially

8

reaffirming that court's longstanding detrimental reliance standard in equitable estoppel claims. *See Scheurer*, 863 F.3d at 753 (citing *Parsons*, 893 N.W.2d at 224; *Affordable Erecting*, 715 N.W.2d at 629-30).

To be sure, the First Circuit has endorsed the following of "the decisions of state intermediate appellate courts," but that is only "*in the absence of convincing evidence that the state's highest court would decide otherwise.*" *Torres-Ronda v. Nationwide Mut. Ins. Co.*, 18 F.4th 80, 84 (1st Cir. 2021) (emphasis added) (citing *Candelario Del Moral v. UBS Fin. Servs. Inc. of P.R.*, 699 F.3d 93, 103 n.7 (1st Cir. 2012)). Here, there is substantial evidence upon which to conclude that the Wisconsin Supreme Court would decide the equitable estoppel issue otherwise.

In short, the Court does not find *Mayer* to be persuasive. The Court is instead satisfied with its earlier determination that the "detrimental reliance" test applies under Wisconsin law.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES CVS's Motion for Reconsideration of its February 3rd Order. ECF No. 297.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

February 27, 2026

9